UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA MARIE SCHMIDT,<br><br>           Plaintiff,<br><br>v.<br><br>LEIGHTON STATE POLICE BARRACKS, et al.,<br><br>           Defendants. | CIVIL ACTION NO. 3:21-CV-00317<br><br>(MEHALCHICK, M.J.) |

## **MEMORANDUM**

Presently before the Court is a complaint ("Complaint") filed on February 16, 2021, by *pro se* Plaintiff Jessica Marie Schmidt ("Plaintiff") against Defendants Leighton State Police Barracks, Carbon County Sherriff Dept., Officer Kirby, Officer Andress, Officer Swartz, Carbon County Sherriff John Doe #1 and #2, and John/Jane Doe Leighton State Trooper #1, #2, and # 3 (hereinafter collectively known as "Defendants"). (Doc. 2, at 2). In her Complaint, Plaintiff alleges that she was wrongfully charged with a DUI, subjected to an illegal search of her vehicle, traumatized and harassed by Defendants, and that Defendants "divulged personal info[rmation] as to [her] arrest to [her abuser] . . . causing [her and her] son . . . to fear for [their] lives." (Doc. 2, at 6). Plaintiff seeks monetary damages in the amount of $500,000. (Doc. 2, at 7).

Having conducted the statutorily-mandated screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds that Plaintiff has failed to state a claim upon which relief may be granted, but that Plaintiff should be granted leave to file an amended complaint.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

On February 16, 2021, Schmidt filed the instant action against Defendants along with an application to proceed *in forma pauperis* in the United States District Court of the Eastern District of Pennsylvania.[1] (Doc. 1; Doc. 2). On February 18, 2021, the Eastern District Court ordered that the case be transferred to this Court. (Doc. 5). The case was transferred to the United States District Court of the Middle District of Pennsylvania on February 22, 2020. (Doc. 6).

In her Complaint, Schmidt claims that she was wrongfully charged with a DUI, subjected to an illegal search of her vehicle, harassed and traumatized by Defendants, and that Defendants informed her abuser of personal information as to her arrest. (Doc. 2, at 6). First, Schmidt states that on July 1, 2020, after service of a Protection From Abuse (PFA) eviction and instructions to leave her home, she was in a car accident due to a bicyclist in the roadway which caused her to swerve and severely crash her vehicle. (Doc. 2, at 8). Schmidt states that the police were called and that they conducted a field test in order to test Schmidt's sobriety, which she "did and believed [she] passed." (Doc. 2, at 8). Next, Schmidt alleges that on August 9, 2020, she was pulled over by an officer who asked for her license plate information, as it was missing from the back window. (Doc. 2, at 8). Schmidt states that she provided the information after which the officer inquired about her sobriety. (Doc. 2, at 8). Schmidt alleges that the officer "harass[ed her] beyond words . . . [and] asked if [she] would do a field test" to which Schmidt complied and believes she passed. (Doc. 2, at 8). Schmidt also alleges that the officer asked her to submit a blood test, which she refused, and called for

---

[1] The Court grants Plaintiff's motion to proceed *in forma pauperis* (Doc. 1) by separate order.

a fellow officer who helped search Schmidt's car after she requested that the search not take place. (Doc. 2, at 8). Schmidt states that the officers impounded her vehicle upon discovering items that belonged to another person. (Doc. 2, at 8). Finally, Schmidt alleges that at the end of August 2020, the police informed her abuser of the charges she is currently facing after which "he has caused HUGE problems" causing Schmidt and her son to fear for their lives. (Doc. 2, at 6, 8). Schmidt seeks monetary damages in the amount of $500,000 for PTSD, chest pain, and trauma due to Defendants' actions. (Doc. 2, at 6)

II.   **SECTION 1915(E)(2) STANDARD**

Under 28 U.S.C. § 1915(e)(2), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan*, 20 F.3d at 1261. This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir.

2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With these standards in mind, *pro se* documents must "be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nevertheless, *pro se* plaintiffs are still subject to the base pleading requirements of Rule 8. *Rhett v. NJ State Superior Court*, 260 F. App'x 513 (3d Cir. 2008). If a complaint fails to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III.   **DISCUSSION**

    A.   <u>FAILURE TO STATE A CLAIM UNDER RULE 8</u>

Schmidt's Complaint fails to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cnty.,* 219 F. App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is proper when a complaint "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna County Prison,* 438 F. App'x 158, 160 (3d Cir. 2011).

While the undersigned must construe the Complaint liberally due to Schmidt's status as a *pro se* litigant, the Complaint fails to meet the pleading requirements of Rule 8. Schmidt provides a multitude of facts about situations that surround her alleged injuries but fails to demonstrate facts in connection to those injuries. (Doc. 2, at 6, 8-9). Due to its rambling nature, the Complaint does not provide "concise and direct" allegations. See Fed. R. Civ. P. 8(d)(1); *Scibelli,* 219 F. App'x at 222.

Schmidt's assertions lack an express link between her claims and factual allegations. See *Estelle*, 429 U.S. at 106. Throughout her Complaint, Schmidt focuses on the circumstances leading up to and after what the Court discerns to be her allegations of wrongdoing, but does not provide much detail when it comes to the harmful acts themselves. (Doc. 2, at 8-9). Schmidt goes into great detail about her abuser and a PFA leading up to her allegation of a false charge of a DUI, but it is uncertain what these facts have to do with her allegations of a false charge. (Doc. 2, at 8). Next, Schmidt outlines a trip to the beach with her son which led to, what she alleges to be, an illegal search of her vehicle. (Doc. 2, at 8). However, she does

not provide information regarding how this search violated her constitutional rights. (Doc. 2, at 8). Finally, Schmidt details an incident where her abuser called the police hallucinating and then alleges that the officers have been negligent. (Doc. 2, at 8). However, it is unclear which facts Schmidt intends to use to support her claim of negligence. Additionally, Schmidt lists that her Fourth, Sixth, and Eighth Amendment rights have been violated. (Doc. 2, at 4). However, Schmidt does not assert any claims that could pertain to a Sixth or Eighth Amendment violation.[2] (Doc. 2, at 6, 8-9). Schmidt must assert a claim sufficient enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *See Twombly*, 550 U.S. at 555. The factual allegations presented in the Complaint lack a specific connection to an alleged wrongdoing and are not sufficient to provide the Defendants with knowledge as to the charges against them.

Overall, the pleading does not provide any meaningful opportunity for the Defendants to decipher or answer Plaintiff's allegations. *See Twombly*, 550 U.S. at 555. It is "rambling and unclear" so as to defy response. *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011). The allegations presented in the Complaint are not "simple, concise, and direct" so as to provide the Defendants with knowledge as to with what they are being charged, and therefore it is difficult to understand which factual allegations are connected to the conduct that led to Schmidt's injuries. *See* Fed. R. Civ. P. 8(d)(1). Because Schmidt alleges an abundance of information that does not provide clear support for her claims, it is arduous to discern what claims she is asserting. Schmidt must adhere to Rule 8 by limiting her complaint to concise

---

[2] The Sixth Amendment pertains to an accused's rights at trial. U.S. Const. amend. VI. The Eighth Amendment pertains to a Defendant's post-conviction rights. U.S. Const. amend. VIII.

allegations of specific conduct that she believes violated her constitutional rights. *See Scibelli,* 219 F. App'x. 221 at 222 (dismissing a complaint because, among other reasons, it did not "qualif[y] as a short and plain statement of a federal claim").

B. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp*, 293 F.3d 103, 108 (3d Cir. 2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). In this case, the Court will grant Plaintiff leave to file an amended complaint in an attempt to cure the deficiencies outlined herein. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Plaintiff is reminded that the amended complaint must be submitted using the court-furnished form.[3] The amended complaint must consist of concise and direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Plaintiff is advised to follow each claim with a corresponding good-faith request for relief. Moreover, an amended complaint must, pursuant to Rule 20(a), name only those Defendants implicated in the transaction or occurrence giving rise to Plaintiff's claims and whose involvement in the suit presents a common question of law or facts. Plaintiff must limit claims to those by which he has suffered actual harm due to the

---

[3] *See Mincy v. Klem*, 303 F. App'x 106, 107-08 (3d Cir. 2008) (explaining that it is proper for the District Court to order use of a form-complaint when the original is unduly long).

actions of the Defendants. Finally, Plaintiff must not include any extraneous information that does not directly involve an alleged act constituting a violation of a civil right.

IV. **CONCLUSION**

As it stands, Plaintiff's Complaint fails to state a claim upon which relief may be granted. (Doc. 2). The Court grants Plaintiff leave to file an amended complaint within **30 days** from the date of the Order filed concurrently with this memorandum, on or before **April 18, 2021.**

An appropriate Order follows.


**Dated: March 19, 2021**               *s/ Karoline Mehalchick*
                                        **KAROLINE MEHALCHICK**
                                        **United States Magistrate Judge**